UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAUNA B. JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO: 25-998 |
| WELLS FARGO HOME MORTGAGE, INC., ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and in the Alternative, Motion for a More Definite Statement (Rec. Doc. 18)** filed by defendants U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP; **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 21)** filed by defendant Dean Morris, LLC. The plaintiffs, Chauna B. Jones and Damon Smothers ("Plaintiffs"), oppose the motions. The motions, submitted for consideration on August 6, 2025, are before the Court on the briefs without oral argument.[1]

**I. Background**

This civil action arises out of an executory process foreclosure proceeding initiated against Chauna B. Jones and Damon Smothers ("Plaintiffs") in Orleans Parish

[1] The defendants have requested oral argument on their motion to dismiss (Rec. Doc. 18) but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

Civil District Court. Plaintiffs have filed this federal lawsuit alleging that the foreclosure was wrongful, that they were victims of racial discrimination, and that the defendants violated a litany of federal laws.

On February 8, 2019, Plaintiffs executed a promissory note in the principal amount of $451,250.00 secured by a mortgage encumbering real property located at 1 Rosedown Court, New Orleans, Louisiana. According to the state court petition filed on November 21, 2024, Plaintiffs defaulted on the note by failing to pay, when due, the monthly installment that was due on July 1, 2020. (Rec. Doc. 18-2 at 7 ¶ 7). On December 2, 2024, a state district judge signed an order directing that a writ of seizure and sale be issued commanding the sheriff to seize and sell the property at Rosedown Court to satisfy the outstanding debt ($443,771.44 principal with interest thereon at 5.625% per annum from June 1, 2020 until paid) and attendant costs. (*Id.* at 40). Notwithstanding Plaintiffs' efforts to stop the foreclosure, the property was sold at a judicial sale on May 29, 2025. Plaintiffs did not appeal the executory foreclosure order.

Plaintiffs have brought this action against Wells Fargo Home Mortgage, Inc., U.S. Bank Trust National Association, Selene Finance d/b/a Selene Mortgage, and Dean Morris, LLC asserting claims for discrimination (42 U.S.C. § 1981), breach of contract, breach of the duty of good faith and fair dealing, the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), fraud, and wrongful foreclosure.[2]

---

[2] Plaintiffs also included separate claims for punitive damages, costs, and attorney's fees

U.S. Bank Trust National Association and Selene Finance LP ("the Lenders") move to dismiss the complaint in its entirety arguing that the court lacks subject matter jurisdiction pursuant to the principles of the *Rooker-Feldman* doctrine, that certain claims are time-barred, and beyond that the plaintiffs have not alleged sufficient facts to state a claim for relief under any legal theory.

Dean Morris, LLC is the law firm that prosecuted the foreclosure action on behalf of the Lenders. Dean Morris, LLC moves to dismiss the causes of action asserted against it arguing that the plaintiffs have not alleged sufficient facts to state a claim for relief against the law firm.

The parties' arguments are addressed below.

## II. Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v.*

---

which are forms of relief and do not constitute separate causes of action.

*IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

**A. The Lenders' Motion to Dismiss**

**Subject Matter Jurisdiction**

The asserted basis for original jurisdiction in federal court is federal question, 28 U.S.C. § 1331, based on the federal causes of action for discrimination under 42 U.S.C. § 1981, the TILA, the RESPA, and the FDCPA. Diversity jurisdiction is not established (the parties do not appear to be of diverse citizenship) so the state law claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, and wrongful foreclosure lack an independent basis for original subject matter jurisdiction. Thus, the state law claims are brought under the district court's supplemental jurisdiction provided

by 28 U.S.C. § 1367(a).[3]

The supplemental jurisdiction statute gives the district court the discretion to decline to exercise supplemental jurisdiction over state law claims when all of the federal claims supporting original jurisdiction have been dismissed. *Id.* § 1367(c)(3).[4] The Court therefore begins its analysis with determining whether any of the federal claims supporting original jurisdiction withstand dismissal, and if none do, then the Court must decide whether to exercise its discretion to decline supplemental jurisdiction over the remaining state law claims.

## ***Rooker-Feldman* Doctrine**

The Lenders contend that a federal court is without subject matter jurisdiction to proceed in light of the *Rooker-Feldman* doctrine.

---

3

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (Supplemental Jurisdiction)

4

> The district courts ***may*** decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> . . .
>
> **(3)** the district court has dismissed all claims over which it has original jurisdiction,
>
> . . . .

28 U.S.C. § 1367(c) (emphasis added).

The *Rooker-Feldman* doctrine bars federal courts from adjudicating claims where the plaintiff seeks to overturn a state-court judgment. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress. *Id.* at 382 (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)).

The doctrine is a narrow one confined to cases brought by "state-court losers" complaining of injuries caused by state court judgments rendered before the commencement of the federal district court proceedings and inviting district court review and rejection of those judgments. *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Importantly, the *Rooker-Feldman* doctrine does not prohibit a plaintiff from presenting an independent claim even if that claim denies a legal conclusion that a state court has reached in a case to which he was a party. *Id.* (citing *Exxon Mobil*, 544 U.S. at 284). In these circumstances state-law preclusion principles control. *Id.* (citing *Exxon Mobil*, 544 U.S. at 293).

In determining whether the *Rooker-Feldman* doctrine bars a federal lawsuit it is important to identify the source of the plaintiff's alleged injury and the relief being sought. *See Truong*, 717 F.3d at 382-83 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). So for instance in *Truong v. Bank of America*, the plaintiff defaulted on her mortgage obligations so the bank initiated a foreclosure action in state court and her home was seized and sold. 717 F.3d at 380. Once the house was sold the state court's

foreclosure order became a final judgment. *Id.* at 380 n.1. Truong then initiated a civil action against the bank in federal district court alleging that the bank had misled the state court into thinking that the executory process evidence was authentic when, in fact, it was not; and that the bank misled her into foregoing her opportunity to dispute authenticity in the state court proceedings. *Truong,* 717 F.3d at 383.

The district court dismissed Truong's claims by relying on the *Rooker-Feldman* doctrine reasoning that they were "inextricably intertwined" with and required review of the state court foreclosure judgment. *Id.* at 381. Although the Fifth Circuit ultimately affirmed the dismissal on other grounds, the appellate court disagreed with the district court's conclusion that *Rooker-Feldman* had deprived it of subject matter jurisdiction.[5] *Id.* at 385. The appellate court was persuaded that Truong's claims were independent claims over which the district court had jurisdiction. *Id.* at 383. Truong was not seeking to overturn the state court foreclosure judgment, and the damages that she was seeking were for injuries caused by the bank's actions, not injuries arising from the foreclosure judgment itself. *Id.* The federal district court was not deprived of jurisdiction even though the declaratory relief that Truong sought would contradict or "deny" a legal conclusion that the state court had reached in the foreclosure case against Truong. *Id.* at 384 (citing *Exxon Mobil*, 544 U.S. at 293).

What can be gleaned from both the *Rooker* and *Feldman* decisions themselves

---

[5] In the *Truong* opinion the Fifth Circuit explains why the "inextricably intertwined" standard that the Lenders rely upon is not the correct standard to apply. 717 F. 3d at 385. "Inextricably intertwined" may be problematic for the plaintiff from a res judicata standpoint but the *Rooker-Feldman* doctrine, which is concerned only with subject matter jurisdiction and not with claim or issue preclusion, is actually much narrower in scope.

as well as the decisions that followed in their wake is that the doctrine is only triggered when a federal district court is called upon to exercise *appellate* jurisdiction (which federal district courts do not possess) instead of *original* jurisdiction (which is the only type of jurisdiction that federal district courts do possess). Thus, when a plaintiff files a new lawsuit in federal district court following an adverse state court judgment, and the new law suit alleges injury that in some way relates to the state court judgment but does not seek to overturn the judgment or to recover damages as a result of the judgment, the federal district court is not deprived of jurisdiction. The *Rooker-Feldman* doctrine is narrow and does not encompass principles of res judicata, which *Truong* exemplifies.

None of Plaintiffs' federal claims in this lawsuit implicate the *Rooker-Feldman*. doctrine because neither the § 1981 discrimination claim nor the claims for violations of the TILA, RESPA, and the FDCPA implicate the validity of the state court foreclosure judgment. Adjudicating those claims does not call upon this court to either review or disturb the state court foreclosure judgment. The Court is persuaded that the federal claims are independent claims that properly fall under this Court's original subject matter jurisdiction.[6]

**§ 1981 Discrimination**

Section 1981 reads in relevant part:

All persons within the jurisdiction of the United States shall have the same

---

[6] Although the Court has decided to focus on the viability of the federal claims upon which original jurisdiction is based, the Court is inclined to believe that the *Rooker-Feldman* doctrine does not deprive it of jurisdiction over the state law claims. For instance, the fraud claims are directed at the conduct of the defendants and the alleged damages arising from that allegedly fraudulent conduct, not from the foreclosure judgment itself. The same is true of the breach of contract claim. The *Truong* decision presented similar circumstances.

> right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> . . .
>
> The rights protected by this section are ***protected against impairment by nongovernmental discrimination*** and impairment under color of State law.

42 U.S.C. § 1981(a), (c) (emphasis added).

To establish a § 1981 claim for contractual discrimination, the plaintiffs must allege that (1) they are members of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as performing under a contract. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

Plaintiffs herein are African American, which satisfies the first elements of a § 1981 claim. But their 31 page complaint contains not a single factual allegation (direct or circumstantial) to suggest that any defendant in this case discriminated against them due to their race much less that any defendant intended to discriminate on the basis of race. In fact, there is nothing to suggest that the Lenders and their attorneys who initiated the foreclosure proceeding were even aware of the plaintiffs' race. The same reasoning holds true for the unsupported and conclusory contention that the plaintiffs were subjected to racial discrimination in the servicing of their loan. The plaintiffs' entire

theory of racial discrimination seems to be grounded only on the fact that they happe not be African American.[7]

At the end of their opposition memorandum Plaintiffs requested leave to amend their complaint rather than face dismissal under Rule 12(b)(6). Plaintiff will be allowed leave to amend their complaint to try to correct the deficiencies in their § 1981 cause of action. The § 1981 discrimination cause of action will be dismissed for failure to state a claim for relief if Plaintiffs do not allege facts to support such a claim.

**TILA**

Plaintiffs did not address the TILA claim in their opposition. The Lenders' motion to dismiss the TILA claim is granted. Dean Morris's motion to dismiss the TILA claim is likewise granted.[8]

**RESPA**

Plaintiffs allege no facts in support of a RESPA claim. Because paragraph 103 of the complaint mentions that RESPA entitles a borrower to various information, the Court will assume that the Plaintiffs are alluding to a claim brought under 12 U.S.C. § 2605(e).

---

[7] The Court notes that Plaintiffs' complaint contains significant inconsistencies in the § 1981 section of their complaint. Plaintiffs state at paragraph 54(a) that they faced foreclosure even though they were not in default yet in 54(c) they concede that they were behind on their mortgage when the foreclosure occurred. And even if the Plaintiffs were given erroneous or incorrect information regarding the possibility of loan modification, they do not in any manner tie the fact that loan modification did not occur, to intentional race discrimination. The Court also notes that the foreclosure proceeding was not initiated until 2024 even though Plaintiffs defaulted on their loan in 2020.

[8] Plaintiffs did refer to the TILA claim in their opposition to Dean Morris's motion to dismiss but they did not articulate any basis for which any attorney with the Dean Morris firm could be liable for violating the Act. Plaintiffs did not request leave to amend.

In fact, Plaintiffs confirmed in their opposition that their RESPA claim is based on § 2605(e). Section 2605(e) requires a loan "servicer" of a "federally related mortgage loan" to respond to a "qualified written request from the borrower" for information relating to "the servicing of such loan" within certain time delays. 12 U.S.C. § 2605(e). In their opposition Plaintiffs state that "Defendants" did not respond to QWRs in violation of RESPA. Plaintiffs provide no supporting detail or facts whatsoever.

In their reply memorandum, the Lenders complain that Plaintiffs have attempted to rewrite their complaint insofar as the RESPA claim is concerned and the Court agrees. Although the Lenders legitimately complain that Plaintiffs cannot amend their complaint via their opposition memorandum, it remains that their opposition memorandum provides no factual support whatsoever to lend any plausibility to the suggestion that a violation of RESPA occurred. Thus, even if Plaintiffs had included in their complaint what they later put in their opposition it would not suffice to state a claim for relief.

At the end of their opposition memorandum Plaintiffs requested leave to amend their complaint rather than face dismissal under Rule 12(b)(6). Plaintiffs will be allowed leave to amend their complaint to try to correct the deficiencies in their RESPA cause of action. In their amendment, Plaintiffs must identify the loan servicer, and must be able to allege that their mortgage was "federally related." Moreover, Plaintiffs must allege the specifics (including the date sent) of the alleged QWRs that they claim to have sent to the loan servicer. Not every request for information constitutes a QWR for purposes of the RESPA. The RESPA cause of action will be dismissed for failure to state a claim for

relief if Plaintiffs do not allege facts to support a RESPA violation.

**FDCPA**

Plaintiffs did not address the FDCPA claim in their opposition. The motion to dismiss the FDCPA claim is granted. Dean Morris's motion to dismiss the FDCA claim is likewise granted.[9]

**B. Dean Morris's Motion to Dismiss**

Dean Morris's motion to dismiss the TILA and FDCA claims is moot. As to the wrongful foreclosure claim asserted against Dean Morris, the law firm argues that it owed no duty under state law to Plaintiffs, who were adversaries to the client that Dean Morris represented in the foreclosure proceeding.

Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. *Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994). A non-client, therefore, cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. *Id.* The recognized exception to this general rule is when intentionally tortious conduct is alleged. *Id.* (citing *Penalber v. Blount*, 550 So. 2d 577, 582 (La. 1989)).

The complaint alleges no facts of any inappropriate conduct whatsoever against the attorneys with the Dean Morris law firm, much less conduct that would be

[9] Plaintiffs did refer to the FDCPA claim in their opposition to Dean Morris's motion to dismiss but they did not articulate any basis for which any attorney with the Dean Morris firm could be liable for violating the Act. Plaintiffs did not request leave to amend.

considered intentionally tortious.

Dean Morris, LLC is entitled to judgment as a matter of law on all claims asserted against it. The motion to dismiss filed by defendant Dean Morris, LLC is granted in its entirety.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and in the Alternative, Motion for a More Definite Statement (Rec. Doc. 18)** filed by defendants U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** insofar as the TILA claims and the FDCPA claims are **DISMISSED WITH PREJUDICE**. The motion is **DENIED WITHOUT PREJUDICE** as to the § 1981 discrimination claim and the RESPA claim to allow Plaintiffs to amend their complaint to properly allege those claims. The Court defers ruling on the supplemental state law claims against defendants U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP until such time as the Court determines whether any federal causes of action remain in this lawsuit (following Plaintiffs' amendment of the § 1981 and RESPA causes of action).

**IT IS FURTHER ORDERED** that Plaintiffs shall move to amend their complaint to properly allege their § 1981 and RESPA claims no later than **Friday, September 5, 2025**. Defendants may file another Rule 12(b)(6) motion to dismiss those claims once

the amended pleading is filed.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 21)** filed by defendant Dean Morris, LLC is **GRANTED** and all claims against this defendant are **DISMISSED WITH PREJUDICE**.

August 21, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE