UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAUNA B. JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO: 25-998 |
| WELLS FARGO HOME MORTGAGE, INC., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Rec. Doc. 33)** filed by the defendants, U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP. The plaintiffs, Chauna B. Jones and Damon Smothers ("Plaintiffs"), have <u>not</u> responded to the motion. The motion, submitted for consideration on October 15, 2025, is before the Court on the briefs without oral argument.[1]

### I.   Background

This civil action arises out of an executory process foreclosure proceeding initiated against Chauna B. Jones and Damon Smothers ("Plaintiffs") in Orleans Parish Civil District Court. Plaintiffs have filed this federal lawsuit alleging that the foreclosure

---

[1] The defendants have requested oral argument on their motion to dismiss but the Court is not persuaded that oral argument would be helpful in light of the issues presented.
  The Court notes that the motion to dismiss is not based on lack of subject matter jurisdiction, the motion's title notwithstanding.

was wrongful, that they were victims of racial discrimination, and that the defendants violated a litany of federal laws.

On February 8, 2019, Plaintiffs executed a promissory note in the principal amount of $451,250.00 secured by a mortgage encumbering real property located at 1 Rosedown Court, New Orleans, Louisiana. According to the state court petition filed on November 21, 2024, Plaintiffs defaulted on the note by failing to pay when due the monthly installment that was due on July 1, 2020. (Rec. Doc. 18-2 at 7 ¶ 7). On December 2, 2024, a state district judge signed an order directing that a writ of seizure and sale be issued commanding the sheriff to seize and sell the property at Rosedown Court to satisfy the outstanding debt ($443,771.44 principal with interest thereon at 5.625% per annum from June 1, 2020 until paid) and attendant costs. (*Id.* at 40). Notwithstanding Plaintiffs' efforts to stop the foreclosure, the property was sold at a judicial sale on May 29, 2025. Plaintiffs did not appeal the executory foreclosure order.

Plaintiffs brought this action against Wells Fargo Home Mortgage, Inc., U.S. Bank Trust National Association, Selene Finance d/b/a Selene Mortgage ("the Lenders"), and Dean Morris, LLC asserting claims for discrimination (42 U.S.C. § 1981), breach of contract, breach of the duty of good faith and fair dealing, the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), fraud, and wrongful foreclosure. Dean Morris, LLC is the law firm that prosecuted the foreclosure action on behalf of the Lenders.[2]

---

[2] Plaintiffs also included separate claims for punitive damages, costs, and attorney's fees

The Lenders and Dean Morris moved to dismiss the complaint in its entirety arguing that a federal court lacked subject matter jurisdiction pursuant to the principles of the *Rooker-Feldman* doctrine, that certain claims are time-barred, and beyond that the plaintiffs had not alleged sufficient facts to state a claim for relief under any legal theory. Dean Morris, LLC separately moved to dismiss the causes of action asserted against it arguing that the plaintiffs had not alleged sufficient facts to state a claim for relief against the Lenders' attorneys.

On August 21, 2025, the Court entered its Order and Reasons granting in part and denying without prejudice in part the motions to dismiss. (Rec. Doc. 30, Order and Reasons). The Court dismissed the TILA claims and FDCPA claims with prejudice, and dismissed the § 1981 discrimination claim and the RESPA claim without prejudice to allow Plaintiffs to amend their complaint to properly allege those claims. The Court deferred ruling on the supplemental state law claims against the Lenders until such time as the Court determined whether any federal causes of action would remain in this lawsuit (following Plaintiffs' amendment of the § 1981 and RESPA causes of action). The Court dismissed all claims against the Dean Morris law firm and its attorneys with prejudice. (*Id.*).

Plaintiffs filed their amended complaint in order to properly allege their § 1981 and RESPA claims. (Rec. Doc. 31, Amended Complaint). Plaintiffs then moved for reconsideration of the portion of the Order and Reasons that dismissed their TILA and

---

which are forms of relief and do not constitute separate causes of action.

FDCA claims against the Lenders and their attorneys with prejudice. (Rec. Doc. 32, Motion for Reconsideration). The Court denied the motion for reconsideration. (Rec. Doc. 40, Order).

The Lenders now move to dismiss the § 1981 and RESPA causes of action pursuant to Rule 12(b)(6) as realleged in the Amended Complaint.

**II.    Discussion**

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

## § 1981 Discrimination

Section 1981 reads in relevant part:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

. . .

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a), (c).

To establish a § 1981 claim for contractual discrimination, the plaintiffs must allege that (1) they are members of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as performing under a contract. *Body By Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

When addressing the Lenders' prior motion to dismiss Plaintiffs' § 1981 claims,

the Court stated as follows in its prior Order and Reasons:

> Plaintiffs herein are African American, which satisfies the first element of a § 1981 claim. But their 31 page complaint contains not a single factual allegation (direct or circumstantial) to suggest that any defendant in this case discriminated against them due to their race much less that any defendant intended to discriminate on the basis of race. In fact, there is nothing to suggest that the Lenders and their attorneys who initiated the foreclosure proceeding were even aware of the plaintiffs' race. The same reasoning holds true for the unsupported and conclusory contention that the plaintiffs were subjected to racial discrimination in the servicing of their loan. The plaintiffs' entire theory of racial discrimination seems to be grounded only on the fact that they happen to be African American.[3]

(Rec. Doc. 30, Order and Reasons at 9-10).

Plaintiffs were then admonished that their § 1981 discrimination cause of action would be dismissed for failure to state a claim for relief if they did not (via their amended pleading) allege <u>facts</u> to support such a claim.

The Lenders argue that Plaintiffs' Amended Complaint does nothing to cure the noted deficiencies with their § 1981 cause of action. The Court agrees.

In *Body By Cook, Inc. v. State Farm Mutual Automobile Insurance*, the Fifth Circuit examined the sufficiency of allegations acceptable to plead an intentional discrimination claim under § 1981. Body By Cook was a minority-owned automotive repair shop that for years had unsuccessfully sought to become a referral auto repair

---

[3] The Court notes that Plaintiffs' complaint contains significant inconsistencies in the § 1981 section of their complaint. Plaintiffs state at paragraph 54(a) that they faced foreclosure even though they were not in default yet in 54(c) they concede that they were behind on their mortgage when the foreclosure occurred. And even if the Plaintiffs were given erroneous or incorrect information regarding the possibility of loan modification, they do not in any manner tie the fact that loan modification did not occur, to intentional race discrimination. The Court also notes that the foreclosure proceeding was not initiated until 2024 even though Plaintiffs defaulted on their loan in 2020.

shop (Direct Repair Shop) for the major auto insurers. Body By Cook sued the major auto insurers such as State Farm, Allstate, GEICO, and Liberty Mutual accusing them of intentional race discrimination under 42 U.S.C. § 1981. Plaintiffs alleged that lesser qualified or similarly situated, non-minority owned body shops had been given contracts as Direct Repair Shops. *Body By Cook,* 869 F.3d at 384. The Fifth Circuit affirmed the district court's finding that the foregoing allegation was too non-specific and general to support a claim for intentional race discrimination under § 1981. *Id.* at 387. The Fifth Circuit noted that Body By Cook had failed to identify any *specific* instance when it was refused a contract but a similarly situated non-minority owned body shop was given a contract. *Id.* (citing *Hall v. Cont'l Airlines, Inc.*, 252 Fed. Appx. 650, 653-54 (5th Cir. 2007)).

But the Fifth Circuit reversed as to State Farm because the complaint contained more specific allegations regarding State Farm's discriminatory intent. *Id.* at 387. As to State Farm, the plaintiff alleged that a State Farm representative had visited and inspected Body By Cook and found that it met all of State Farm's qualifications for being a Direct Repair Shop but that State Farm informed Body By Cook that it was not admitting body shops into its Direct Repair Program. *Id.* Yet State Farm did admit into the program a non-minority owned body shop with inferior equipment that did not meet State Farm's qualifications. *Id.* Plaintiffs were also able to allege that State Farm knew that Body By Cook was minority-owned. *Id.* at 387 n.2. The Fifth Circuit was convinced that these allegations made plausible the inference that the difference in treatment by State Farm was because of Body By Cook's minority-owned status. *Id.* at 387 (citing

*Haskett v. Cont'l Land Res., LLC*, 668 Fed. Appx. 133, 134 (5th Cir. 2013); *Jeffrey v. Columbia Med. Ctr.*, 48 Fed. Appx. 103 (5th Cir. 2002)).

The Fifth Circuit noted that Body By Cook had made several specific allegations against Progressive Insurance, including that Progressive had repeatedly refused to certify Body By Cook as a Direct Repair Shop, that Progressive knew that Body By Cook was minority-owned, and that during the same time period Progressive had sought out and approved non-minority-owned body shops to join the Direct Repair Program. *Body By Cook*, 869 F.3d at 387 n.3. But these specific allegations were insufficient to plead discriminatory intent with respect to Progressive because Body By Cook did not plead that Body By Cook was as qualified or more qualified than the non-minority body shops that Progressive had approved for its Direct Repair Program. *Id.*

Plaintiffs allege that "Defendants" engaged in intentional race discrimination in two ways: "Defendants" did not comply with TILA requirements to allow review of disclosure documents, (Rec. Doc. 31, Amended Complaint ¶ 53), and "Defendants" did not accommodate Plaintiffs in their efforts to avoid foreclosure, *e.g.*, providing no loss mitigation options and refusing to negotiate payment of arrears to avoid foreclosure, (*id.* ¶ 54). In order to tie these alleged shortcomings to intentional race discrimination, Plaintiffs plead that "on information and belief . . . Plaintiffs' counterparts who are Caucasians" were afforded TILA review and were given opportunities to avoid foreclosure. (*Id.* ¶¶ 53, 54).

Assuming the truth of these shortcomings, there is nothing inherently discriminatory about them whatsoever. Plaintiffs' allegation that similarly situated white

borrowers received better treatment is generalized and conclusory, and is not supported by a single factual allegation to render the claim of disparate treatment plausible. Plaintiffs allege no facts to suggest that they would have any personal knowledge regarding how any other borrower was treated, much less a single specific instance where a similarly situated Caucasian borrower received better treatment than they did *under the same circumstances*. And same as with their original complaint, Plaintiffs do not allege that any defendant who allegedly engaged in intentional race discrimination was even aware of their race. The non-specific, generalized group allegation that Plaintiffs rely upon does not render their claim of intentional race discrimination to be plausible.[4]

Plaintiffs did not respond to the motion to dismiss, and therefore have not requested leave to amend their claims any further. The motion to dismiss the § 1981 discrimination claim is therefore granted.

## RESPA

When addressing the Lenders' prior motion to dismiss Plaintiffs' RESPA claim, the Court stated as follows in its prior Order and Reasons:

---

[4] The Court emphasizes "under the same circumstances" because *Body By Cook* makes clear that intentional race discrimination could not be inferred if Causation borrowers with a better payment history or better credit record or more financial resources were given better opportunities to avoid foreclosure. Unless Caucasian borrowers with the *exact* same or worse situations than Plaintiffs were given better treatment, intentional race discrimination cannot be inferred.
   Moreover, Plaintiffs have engaged in generalized group allegations directed at "Defendants" even though the alleged TILA violation would have occurred in 2019 when the loan was obtained (and would therefore be time-barred) against the original lender and the latter complaints regarding foreclosure would have been against the subsequent note holder and perhaps the loan servicer.

> Plaintiffs allege <u>no</u> facts in support of a RESPA claim. Because paragraph 103 of the complaint mentions that RESPA entitles a borrower to various information, the Court will assume that the Plaintiffs are alluding to a claim brought under 12 U.S.C. § 2605(e). In fact, Plaintiffs confirmed in their opposition that their RESPA claim is based on § 2605(e). Section 2605(e) requires a loan "servicer" of a "federally related mortgage loan" to respond to a "qualified written request from the borrower" for information relating to "the servicing of such loan" within certain time delays. 12 U.S.C. § 2605(e). In their opposition Plaintiffs state that "Defendants" did not respond to QWRs in violation of RESPA. Plaintiffs provide <u>no supporting detail or facts</u> whatsoever.

(Rec. Doc. 30, Order and Reasons at 10-11).

Plaintiffs were then admonished that their RESPA cause of action would be dismissed for failure to state a claim for relief if they did not (via their amended pleading) allege <u>facts</u> to support such a claim. The Court explained:

> In their amendment, Plaintiffs must identify the loan servicer, and must be able to allege that their mortgage was "federally related." Moreover, Plaintiffs must allege the specifics (including the date sent) of the alleged QWRs that they claim to have sent to the loan servicer. Not every request for information constitutes a QWR for purposes of the RESPA. The RESPA cause of action will be dismissed for failure to state a claim for relief if Plaintiffs do not allege <u>facts</u> to support a RESPA violation.

(Rec. Doc. 30, Order and Reasons at 11-12).

The Lenders argue that Plaintiffs' Amended Complaint does nothing to cure the noted deficiencies with their RESPA cause of action. The Court agrees.

First of all, RESPA only applies to federally related mortgages and notwithstanding the Court's express warning, Plaintiffs do not allege that their mortgage was federally related. That deficiency alone defeats their RESPA claim. Second, although Plaintiffs once again make no attempt to allege any facts in support of their RESPA claim, Plaintiffs for the first time have alleged that "Defendants" violated 12

C.F.R. § 1024.41 by engaging in dual tracking, *i.e.*, representing to Plaintiffs that they were considering loan modification while simultaneously prosecuting foreclosure proceedings on the same loan.

As with their restated § 1981 claim, Plaintiffs have engaged in collective pleading against "Defendants" making no attempt to plead who specifically of the various defendants misled them regarding loan modification opportunities. Further, § 1024.41(g) stalls foreclosure if the borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale. As the Lenders point out, Plaintiffs do not allege that they submitted a complete loss mitigation application much less one within the time constraints imposed by the regulation. Plaintiffs do not allege facts sufficient to state a claim for a RESPA violation.

Plaintiffs did not respond to the motion to dismiss, and therefore have not requested leave to amend their claims any further. The motion to dismiss the RESPA claim is therefore granted.

## State Law Claims

All claims over which the Court had original jurisdiction have been dismissed. The state law claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, and wrongful foreclosure lack an independent basis for original subject matter jurisdiction. The state law claims are brought under the district court's

supplemental jurisdiction provided by 28 U.S.C. § 1367(a).[5] The supplemental jurisdiction statute gives the district court the discretion to decline to exercise supplemental jurisdiction over state law claims when all of the federal claims supporting original jurisdiction have been dismissed. *Id.* § 1367(c)(3).[6] Given that this case is in its infancy, the Court declines to retain jurisdiction over the state law claims. The state law claims will be dismissed without prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, and in the Alternative, Motion for a More Definite Statement (Rec. Doc. 18)** filed by defendants U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF

---

[5]
> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (Supplemental Jurisdiction)

[6]
> The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>      . . .
>      **(3)** the district court has dismissed all claims over which it has original jurisdiction,
> . . . .

28 U.S.C. § 1367(c) (emphasis added).

Acquisition Trust, and Selene Finance LP is **GRANTED** as to all federal claims, which are dismissed with prejudice as to the defendants, U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP. All state law claims against these defendants are dismissed without prejudice.

October 28, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE