UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAUNA B. JONES, ET AL.                          CIVIL ACTION

VERSUS                                            NO: 25-998

WELLS FARGO HOME MORTGAGE,                        SECTION: "A" (5)
INC., ET AL.

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Judgment on the Pleadings (Rec. Doc. 44)** filed by the defendant, Wells Fargo Home Mortgage, Inc. ("Wells Fargo").[1] The plaintiffs, Chauna B. Jones and Damon Smothers, have now responded to the motion.[2] The motion, scheduled for submission on May 27, 2026, is before the Court on the briefs without oral argument.

## I.    Background

This civil action arises out of an executory process foreclosure proceeding

---

[1] The motion states that it was filed by Wells Fargo Bank, N.A., successor by merger to Fargo Home Mortgage, Inc., but this entity is not named as a defendant in this lawsuit. The named defendant is Wells Fargo Home Mortgage, Inc., a wholly owned subsidiary of Wells Fargo & Company. (Rec. Doc. 13, Certificate of Interested Persons). Wells Fargo Home Mortgage, Inc. answered the complaint and the amended complaint (Rec. Docs. 27 & 36), and has never suggested that the plaintiffs named the incorrect entity.

[2] Plaintiffs' opposition was due to be filed on May 19, 2026 but Plaintiffs missed that deadline and did not file their opposition until June 4, 2026 (Rec. Doc. 52). The Court notes that the plaintiffs did not respond to the motion to dismiss filed by U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCAF Acquisition Trust, and Selene Finance LP, which was granted with written reasons provided on October 28, 2025. (Rec. Doc. 41, Order and Reasons).

initiated against Chauna B. Jones and Damon Smothers ("Plaintiffs") in Orleans Parish Civil District Court. Plaintiffs have filed this federal lawsuit alleging that the foreclosure was wrongful, that they were victims of racial discrimination, and that the defendants violated a litany of federal and state laws.

On February 8, 2019, Plaintiffs executed a promissory note in the principal amount of $451,250.00 secured by a mortgage encumbering real property located at 1 Rosedown Court, New Orleans, Louisiana. According to the state court petition filed on November 21, 2024, Plaintiffs defaulted on the note by failing to pay when due the monthly installment that was due on July 1, 2020. (Rec. Doc. 18-2 at 7 ¶ 7). On December 2, 2024, a state district judge signed an order directing that a writ of seizure and sale be issued commanding the sheriff to seize and sell the property at Rosedown Court to satisfy the outstanding debt ($443,771.44 principal with interest thereon at 5.625% per annum from June 1, 2020 until paid) and attendant costs. (*Id.* at 40). Notwithstanding Plaintiffs' efforts to stop the foreclosure, the property was sold at a judicial sale on May 29, 2025. Plaintiffs did not appeal the executory foreclosure order.

Rather than take an appeal in the state court system, Plaintiffs brought this action against Wells Fargo Home Mortgage, Inc., U.S. Bank Trust National Association, Selene Finance d/b/a Selene Mortgage ("the Lenders"), and Dean Morris, LLC asserting claims for discrimination (42 U.S.C. § 1981), breach of contract, breach of the duty of good faith and fair dealing, the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Debt Collection Practices Act (FDCPA), fraud, and

wrongful foreclosure. Dean Morris, LLC is the law firm that prosecuted the foreclosure action on behalf of the Lenders.[3]

The Lenders and Dean Morris moved to dismiss the complaint in its entirety arguing that a federal court lacked subject matter jurisdiction pursuant to the principles of the *Rooker-Feldman* doctrine, that certain claims are time-barred, and beyond that the plaintiffs had not alleged sufficient facts to state a claim for relief under any legal theory. Dean Morris, LLC separately moved to dismiss the causes of action asserted against it arguing that the plaintiffs had not alleged sufficient facts to state a claim for relief against the Lenders' attorneys.

On August 21, 2025, the Court entered its Order and Reasons granting in part and denying without prejudice in part the motions to dismiss. (Rec. Doc. 30, Order and Reasons). The Court dismissed the TILA claims and FDCPA claims with prejudice, and dismissed the § 1981 discrimination claim and the RESPA claim without prejudice to allow Plaintiffs to amend their complaint to properly allege those claims. The Court deferred ruling on the supplemental state law claims against the Lenders until such time as the Court determined whether any federal causes of action would remain in this lawsuit (following Plaintiffs' amendment of the § 1981 and RESPA causes of action). The Court dismissed all claims against the Dean Morris law firm and its attorneys with prejudice, given that those claims were especially meritless. (*Id.*).

Plaintiffs filed their amended complaint in order to properly allege their § 1981

---

[3] Plaintiffs also included separate claims for punitive damages, costs, and attorney's fees which are forms of relief and do not constitute separate causes of action.

and RESPA claims. (Rec. Doc. 31, Amended Complaint). Plaintiffs then moved for reconsideration of the portion of the Order and Reasons that dismissed their TILA and FDCA claims against the Lenders and their attorneys with prejudice. (Rec. Doc. 32, Motion for Reconsideration). The Court denied the motion for reconsideration. (Rec. Doc. 40, Order).

The Lenders then moved to dismiss the § 1981 and RESPA causes of action pursuant to Rule 12(b)(6) as realleged in the Amended Complaint. On October 28, 2025, the Court issued written reasons explaining why the plaintiffs' amendments did nothing to cure the deficiencies in their § 1981 and RESPA causes of action. The Court therefore ordered all federal claims supporting original jurisdiction against the moving defendants to be dismissed with prejudice. The Court declined to maintain jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(c)(3) and dismissed those without prejudice.[4] (Rec. Doc. 41).

For inexplicable reasons, Wells Fargo waited nearly seven months and after entry of a scheduling order to file its own motion to dismiss.

## II.      Discussion

Wells Fargo's motion presents the same issues that the Court has already ruled

---

[4] The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> . . .
> **(3)** the district court has dismissed all claims over which it has original jurisdiction,
. . . .

28 U.S.C. § 1367(c) (emphasis added).

upon in favor of the other defendants.[5] The Court is inclined to believe, as Wells Fargo argues, that insofar as each of the asserted causes of action is concerned, it is similarly situated to the other defendants in whose favor relief has already been granted. In such a scenario, Wells Fargo's motion would be granted based on the reasons previously entered (and incorporated herein) in its two prior decisions addressing the other defendants' motions to dismiss. (Rec. Doc. 30 & 41, Order and Reasons). The Court therefore looks to Plaintiffs' opposition to see how they have distinguished the claims against Wells Fargo from the now dismissed federal claims against the other defendants.

Plaintiffs' § 1981 race claim has been subject to dismissal as originally pleaded (Rec. Doc. 30, Order and Reasons), and as re-pleaded via amendment (Rec. Doc. 41, Order and Reasons), because they allege no facts from which intentional race discrimination may be inferred. In their opposition, Plaintiffs rely on conduct, *i.e.,* TILA failures and foreclosure mitigation, that the Court has already explained is not inherently discriminatory.

Although Plaintiffs have already been given the opportunity to amend their § 1981 race claim, their opposition concludes with another request for leave to amend in order to add factual particulars regarding comparators, allegations that Plaintiffs cannot support without discovery. In fact, there is no reason to believe based on what is alleged

---

[5] Wells Fargo has re-urged the *Rooker-Feldman* jurisdictional challenge that the Court has already firmly rejected. (Rec. Doc. 30, Order and Reasons).

in this case that discovery will reveal anything untoward. Plaintiffs are not entitled to engage in discovery in order to fish for proof of their completely unsupported contention that Caucasian borrowers who defaulted were given better opportunities to avoid foreclosure.[6] Moreover, Plaintiffs' claim fails before comparator evidence is even relevant because Plaintiffs cannot allege a single fact of their own to suggest that they were subject to racial discrimination. As the Court has previously noted, Plaintiffs do not allege that Wells Fargo (or any defendant who allegedly engaged in intentional race discrimination) was even aware of their race when foreclosure proceedings were initiated (several years) following Plaintiffs' default on their loan. Plaintiffs' entire case is grounded on the fact that they happen to be African American. The motion for judgment on the pleadings as to the § 1981 race claim is granted.

Plaintiffs' TILA claim is time-barred because they are attempting to make a claim based on disclosures that were not provided for a loan that closed in February 2019. The motion for judgment on the pleadings as to the TILA claim is granted.

Plaintiffs' RESPA claim has been subject to dismissal as originally pleaded (Rec. Doc. 30, Order and Reasons), and as re-pleaded via amendment (Rec. Doc. 41, Order and Reasons), because *inter alia* Plaintiffs did not allege that their mortgage was federally related. Further, Plaintiffs did not allege that they submitted a timely complete

---

[6] When previously noting the complete lack of any factual allegations from which intentional race discrimination may be inferred, the Court also pointed out that the foreclosure proceeding was not initiated until 2024 even though the plaintiffs defaulted on their loan in 2020. (Rec. Doc. 30, Order and Reasons at 10 n.7). This significant delay in legal action cuts against any suggestion that the lenders were unwilling to work with the plaintiffs to cure the default, much less any suggestion that legal action was pursued due to race discrimination.

loss mitigation application as required by regulation. These pleading deficiencies apply with equal force to Wells Fargo As such, the motion for judgment on the pleadings as to the RESPA claim is granted.

Finally, Plaintiffs do not state a claim against Wells Fargo under the FDCPA because they cannot allege that their loan was in default when Wells Fargo obtained it.[7] The motion for judgment on the pleadings as to the FDCPA claim is granted.

In sum, Plaintiffs do not state a claim for relief against Wells Fargo under any of their many legal theories. Furthermore, in light of the legal deficiencies noted in the pleadings and Plaintiffs' prior opportunity to amend their complaint, Plaintiffs are not entitled to further amend their complaint because any such amendment would be futile.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 44)** filed by the defendant, Wells Fargo Home Mortgage, Inc., is **GRANTED** as to all federal claims, which are dismissed with prejudice. All state law claims against the movant are dismissed without prejudice.

June 17, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] And beyond that, Plaintiffs allege nothing whatsoever that any representative of Wells Fargo did to violate the FDCPA.